IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NEUROTRON, INC.

v.                                  Civil Action WMN-00-514

AMERICAN ASSOCIATION OF
ELECTRODIAGNOSTIC MEDICINE

**MEMORANDUM**

Before the Court is Defendant's Motion to Dismiss or for Summary Judgment (Paper No. 29). The motion is ripe for decision. Upon a review of the motion and the applicable case law, the Court determines that the motion to dismiss will be denied and the motion for summary judgment will be denied without prejudice.

**I. BACKGROUND**

On February 24, 2000, Plaintiff filed a complaint in this Court, asserting claims of injurious falsehood, false light commercial disparagement, civil conspiracy, violation of the Lanham Act, 15 U.S.C. § 1125(a), and tortious interference with contractual relations. After conducting an evidentiary hearing, this Court denied Plaintiff's Motion for Preliminary Injunction on June 15, 2000. The Court reasoned that: the likelihood of irreparable harm to Plaintiff was not great; the likelihood of irreparable harm to Defendant was strong in that such an injunction would impose a prior restraint on Defendant's speech; Plaintiff was not likely to succeed on its Lanham Act or

injurious falsehood claims; and granting Plaintiff's motion would have been inimical to the public interest.

## II. DISCUSSION

When reviewing a 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the plaintiff, and the allegations are taken as true. <u>Mylan Lab., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993), <u>cert. denied</u>, 510 U.S. 1197 (1994). The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

Defendant argues that dismissal is appropriate because Plaintiff cannot make out a claim under any of its legal theories. According to Defendant, "Neurotron cannot state a claim under the Lanham Act because (1) the article is not commercial speech; (2) the AAEM is not a competitor of Neurotron; and (3) the article does not promote AAEM's goods or services that compete with Neurotron. Further, all of Neurotron's claims are barred as a matter of law because the article expresses the AAEM's subjective opinions, which are not actionable under the Lanham Act or state tort law, and because the article is not disparaging." Defendant's Motion, ¶ 2.

Although the Court has already expressed its doubt that

Plaintiff will ultimately prevail on its claims, it is not appropriate to dismiss the case at this time. Construing the Complaint in the light most favorable to Plaintiff and taking its allegations as true, Plaintiff's Complaint states a claim upon which relief can be granted. Therefore, Defendant's motion to dismiss will be denied.

Defendant's arguments are more appropriately addressed at the summary judgment stage. Plaintiff asserts that converting this motion into a Rule 56 motion for summary judgment is premature because it should be allowed to conduct further discovery; at this time only expedited document production has been completed and no depositions have been taken. The Court observes that the parties have engaged in extensive document production and some testimony was taken at an evidentiary hearing pursuant to Plaintiff's preliminary injunction motion. Nonetheless, the Court will permit reasonable discovery to be taken. In the pending motions, the parties vigorously contest many factual and legal issues. Because the Court's role in a motion for summary judgment is to determine whether there are no genuine issues of material fact and the movant is entitled to judgment as a mater of law, allowing the parties the opportunity to thoroughly conduct reasonable discovery will best assist the Court in making this determination. Defendant's alternative

request for summary judgment will be denied at this time without prejudice. After a reasonable opportunity for discovery, Defendant may again file a motion for summary judgment.

The Court is not oblivious to the discovery which has already taken place, however, and therefore, the deadlines in the Court's scheduling order will be abbreviated. Furthermore, the Court will not look favorably upon requests for extension, absent good cause.

## III. CONCLUSION

For the aforementioned reasons, Defendant's motion to dismiss the complaint will be denied and its alternative request for summary judgment will be denied without prejudice. A separate order will issue.

                                                /s/ William M. Nickerson  
                                                William M. Nickerson  
                                                United States District Judge

Dated: July 21, 2000